CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 0 8 2007

JOHN F CORCORAN, CLERK
BY: K DOtson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE No. 5:06cr00046-2 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| JOSE JORGE GUTIERREZ, ) | |
| ) | By:  Hon. James G. Welsh |
|     Defendant ) |     U.S. Magistrate Judge |
| ) | |

The Grand Jury previously returned a multi-count Superseding Indictment charging this defendant in Count One with the knowing participation in a criminal conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of a substance containing a detectable amount of cocaine base ("crack cocaine") and more than fifty (50) grams of methamphetamine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846; in Count Two with knowingly and intentionally distributing, or possessing with intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about November 10, 2004 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); in Count Three with knowingly and intentionally distributing, or possessing with intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about November 12, 2004 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); in Count Four with knowingly and intentionally distributing, or possessing with intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about January 4, 2005 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); in Count Five with knowingly using and carrying a firearm during

and in relation to the drug trafficking offense described in Count Four in violation of Title 18, United States Code, Section 924(c)(1)(A)(I); in Count Six with being an alien, illegally in the United States, on or about January 4, 2005, and being then and there in possession of a certain Lorcin, model .380, firearm which had previously moved in interstate commerce in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2); in Count Seven with knowingly and intentionally distributing, or possessing with intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about January 26, 2005 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); in Count Eight with knowingly and intentionally distributing, or possessing with intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about February 4, 2005 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C); in Count Nine with knowingly and intentionally distributing, or possessing with intent to distribute, or in aiding and abetting the distribution or possession with intent to distribute, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, on or about December 16, 2005 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2; in Count Fourteen with knowingly and intentionally distributing, or possessing with intent to distribute, more than fifty (50) grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, on or about August 28, 2006 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B); and in Count Fifteen with knowingly and intentionally distributing, or possessing with intent to distribute, or aiding and abetting the distribution or possession with intent to distribute, more than fifty (50) grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance,

on or about September 15, 2006 in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

The defendant was previously arraigned and entered a plea of Not Guilty to each of these charges. The defendant having now indicated an intent to change his plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on March 6, 2007. The defendant was present in person and with his counsel, Jay K. Wilk. The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The proceedings were recorded by a court reporter (*See* Rule 11(g)), and the defendant was provided with a Spanish language interpreter (*See* Rule 28).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the Government presented evidence for the purpose of establishing an independent basis for the plea, and the defendant entered pleas of guilty to Counts One and Five of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and

3

that he understood the Government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that his full legal name is Jose Jorge Gutierrez. He stated that he is twenty-eight (28) years of age, that he completed the 7th grade in school in Mexico , and that he understands only a little English. He stated, however, that with the assistance of a Spanish language interpreter he is able to understand and participate fully in the proceeding without any difficulty. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings, and he similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings.

The defendant testified that he had discussed the charges with his attorney, that he had previously received a copy of the Indictment against him, that he understood each of the eleven charges, and that he knew each of the charges was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charges contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter a plea of guilty to one or more of the charges against him.

The attorney for the government informed the court that the defendant's proposed change in his prior plea to two of the charges against him was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including

4

the agreement's restatement of the charges against the defendant [¶ 1], the defendant's agreement to plead guilty to Counts One and Five of the Indictment and the range of punishment which may be imposed by the court for each said felony offense [¶ 2], the government's agreement to dismiss Counts Two, Three, Four, Six, Seven Eight, Nine, Fourteen and Fifteen at sentencing [¶ 3], the terms of the defendant's agreed drug weight responsibility pursuant to the applicable sentencing guideline provisions [¶ 4], the defendant's waiver of any right to a jury determination of guideline-related issues [(¶¶ 4 and 10], the provision concerning the defendant's offense role [¶ 5], the acceptance of responsibility provision [¶ 6], the defendant's obligation to pay a Two Hundred Dollar ($200.00) special assessment [¶ 7] (*See* Rule 11(b)(1)(L)), the evidence proffer provision [¶ 8], the defendant's waiver of the right to appeal any sentencing-related issues [¶ 10] (*See* Rule 11(b)(1)(N)), the defendant's waiver of any right to attack either his sentence or conviction in any post-conviction proceeding [¶ 11] (*See* Rule 11(b)(1)(N)), the defendant's waiver of any statute of limitations claim [¶ 14], the defendant's waiver of all rights to information pertaining to the investigation or prosecution of his case [¶ 12], the terms of the agreement's substantial assistance provision [¶ 16], the agreement's forfeiture provisions [¶¶ 13 and 17] (*See* Rule 11(b)(1)(J)), and the substance of the agreement's other terms [¶¶ 9, 15 18-21].

After which, the defendant's attorney and the defendant separately confirmed their understanding of the plea agreement to be the same as that set forth by the government's attorney.

Upon further inquiry, the defendant testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this

5

Case 5:06-cr-00046-GEC   Document 125   Filed 03/08/07   Page 5 of 13   Pageid#: 240

case and that no one had attempted in any way to force him to plead guilty. He stated that he knew that his pleas, if accepted, would result in him being adjudged guilty of each of the offenses for which he was proposing to plead guilty and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter pleas of guilty to Count One of the Indictment which charged him with participation in a criminal conspiracy to distribute, or to possess with intent to distribute, more than fifty (50) grams of methamphetamine and more than fifty (50) grams of "crack cocaine" in violation of Title 21, United States Code, Section 846, and to Count Five which charged him with knowingly using and carrying a firearm during or in relation to a drug trafficking offense in violation of Title 18, United States Code, Section 924(c)(1). *See* Rule 11(b)(1)(G).

After the attorney for the government stated for the record the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment, the defendant acknowledged unequivocally that he understood ten (10) years imprisonment[1] to be the mandatory minimum penalty which the court would be required to impose for conviction of the offense charged in Count One of the Indictment. *See* Rule 11(b)(1)(I). Based on the attorney for the government's further statement concerning the maximum possible penalty provided by law for the offense charged Count One of the

---

[1] Defendant was also informed that he could be sentenced to less than the mandatory years imprisonment only if the government makes a motion pursuant to Title 18, United States Code, Section 3553(e).

Indictment, the defendant expressly acknowledged that he understood imprisonment for the remainder of his life and a $4,000,000.00 fine to be the maximum penalty provided by law for conviction of the felony set forth in Count One, and if sentenced to any lesser period of incarceration he would be required, upon release from prison, to serve a period of supervised release. Likewise after the attorney for the government stated for the record the mandatory minimum penalty provided by law for the offense charged in Count Five of the Indictment, the defendant acknowledged unequivocally that he understood five (5) years imprisonment [2] to be the mandatory minimum penalty which the court would be required to impose and to run consecutively with any other sentence he may receive for conviction of an offense charging possession of a firearm in furtherance of a drug trafficking offense. Similarly, based on the statement of the attorney for the government concerning the maximum punishment provided by law for the offense charged Count Five of the Indictment, the defendant expressly acknowledged that he understood imprisonment for the remainder of his life and a $250,000.00 fine to be the maximum penalty provided by law for conviction of the felony set forth in Count Five, and if sentenced to any lesser period of incarceration he would be required, upon release from prison, to serve a period of supervised release. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with

---

[2] See footnote 1.

7

educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay the mandatory Two Hundred Dollar ($200.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of defendant's procedural rights surrendered on a plea of guilty was also explained: including: his right to persist in his previous pleas of not guilty to the offenses charged against him

8

*(See* Rule 11(b)(1)B)); his attendant rights to a trial by jury *(See* Rule 11(b)(1)(C)) and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding *(See* Rule 11(b)(1)(D)); his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses *(See* Rule 11(b)(1)(E)); his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense *(See* Rule 11(b)(1)(E)); his presumption of innocence; the obligation of the Government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. The defendant testified that he understood his right to persist in his pleas of not guilty and the attendant rights that he would waive upon entry of a guilty plea to Counts One and Five of the Indictment. *See* Rule 11(b)(1)(F).

Without equivocation, the defendant stated that he was pleading guilty because he was in fact guilty of the crimes charged Counts One and Five of the Indictment.

In response to further questioning to ensure that his proposed pleas were voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind *(See* Rule 11(b)(2), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

9

To permit the court to determine that an independent factual basis existed for the plea, counsel for the government submitted for filing the "Government's Summary of the Evidence" and represented that a copy had been provided previously to defense counsel. A copy of same is attached hereto and incorporated herein by reference. After counsel for the government made several additional oral representations regarding the factual basis for the defendant's pleas, counsel for the defendant stated that the written proffer had been fully translated and read to his client, that he had fully reviewed it with his client, and he confirmed that the government's proffer accurately summarized the evidence upon which the government would rely at trial. The defendant confirmed that the written proffer had been read to him in Spanish, and he similarly confirmed that the government's proffer accurately summarized the government's case against him.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging his violation of Title 21, United States Code, Section 846, and a plea of GUILTY to Count Five alleging his violation of Title 18, United States Code, Section 924(c)(1)(A)(I). The defendant then executed the requisite written form, and it was filed and made a part of the record.

After entering his plea as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend acceptance of his aforesaid plea, the defendant reiterated his satisfaction with the advice, assistance and services of his attorney.

Pursuant to order of referral, the appropriate probation office was directed to initiate a presentence investigation and preparation of a presentence report. The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

By way of it's evidentiary proffer, counsel for the government submitted a written summary of the evidence upon which it intended to relay at trial. After ascertaining that the summary had been previously proved to defense counsel and that the defendant was fully familiar with its contents, it was received for filing without objection. It is hereby incorporated by reference and attached as an exhibit. Counsel for the government directed the court particularly to those paragraphs of the written summary which deal specifically with the defendant's relevant conduct. In addition, counsel for the government represented that the content and drug weight of all controlled substances obtained during the investigation leading to the arrest and indictment of the named defendants and co-conspirators had been confirmed by laboratory analysis, that the firearm described in Count Five had been examined and determined to meet the statutory definition of a "firearm" set forth in 18 U.S.C. § 921(a)(3) and to have previously moved in interstate commerce within the meaning of 18 U.S.C. § 921(a)(2). In addition the relevant incidents and events took place in the Western District of Virginia.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

11

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is fully aware of the nature of the charges against him and the consequences of his pleas of guilty to Counts One and Five;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his plea, the defendant and the government reached a plea agreement which was reduced to writing;

5. The defendant's entry into the written plea agreement and his tender of pleas of guilty to Counts One and Five were made with the advice and assistance of counsel;

6. The defendant's entry of pleas of guilty to Counts One and Five were made with full knowledge and understanding of the nature of each said offense and the full range of punishments which might be imposed;

7. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other than the one promise contained in the plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent factual basis containing each essential element of the offense to which the defendant is pleading guilty.

### D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's pleas of guilty to Count One and Five of the Indictment, that the defendant be ADJUDGED GUILTY of each said offense, that the government's motion to dismiss Counts Two through Four, Six through Nine and Fourteen through Fifteen be granted, and that a sentencing hearing be scheduled before the presiding district judge on June 15, 2007 at 9:00 a.m.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding District Judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 8th day of March 2007.

United States Magistrate Judge