CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 14 2012

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:06CR00046-02 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSE JORGE GUTIERREZ, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will reduce the defendant's term of imprisonment.

On March 6, 2007, the defendant, Jose Jorge Gutierrez, pled guilty to one count of conspiracy to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846; and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In the plea agreement, the defendant and the government stipulated that, for purposes of the advisory sentencing guidelines, the defendant "shall be responsible for the drug weight of more than 50 grams but less than 150 grams of cocaine base."

The defendant was sentenced on June 15, 2007. Consistent with the defendant's plea agreement, the defendant's base offense level of 32 was calculated using 149.9 grams of crack cocaine. The defendant received a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 29. When combined with the defendant's criminal history category of I, this total offense level gave rise to a guideline range of imprisonment of 120

months, plus 60 months for the firearm count. The court granted a substantial assistance motion filed by the government under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and ultimately sentenced the defendant to a term of imprisonment of 47 months for the drug count, plus 60 months for the firearm count.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 25. When combined with a criminal history category of I, this would ordinarily produce a guideline range of imprisonment of 57 to 71 months for the drug count. However, due to the 120-month mandatory minimum term of imprisonment mandated by 21 U.S.C. § 841(b)(1)(A) (2006), the amended guideline range remains 120 months.*

On May 25, 2012, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment for the drug count from 47 months to 23 months. The

---

* Although § 841(b)(1)(A) was amended by the Fair Sentencing Act, the changes to the statute do not apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of his original conviction. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively).

2

government subsequently filed an objection to the proposed sentence reduction, to which the defendant filed a response. For the reasons that follow, the court will overrule the government's objection and effect the proposed reduction in the defendant's sentence.

In its response, the government "acknowledges the court's legal authority to make the proposed amendment to the defendant's sentence." The government nonetheless objects to the proposed reduction on the ground that it would not be in the interest of justice. Relying on paragraph 11 of the defendant's presentence report, the government emphasizes that the defendant was actually responsible for the possession or distribution of at least 298 grams of crack cocaine, and that this quantity of crack cocaine results in the same base offense level under the amended guidelines than that which produced the defendant's original guideline range (a base offense level of 32).

As set forth above, however, the defendant's original guideline range and resulting sentence were not based upon the possession or distribution of at least 298 grams of crack cocaine. Instead, they were calculated using the lower amount of crack cocaine that was expressly agreed upon by the government and the defendant. The court agrees with the defendant that he is still entitled to receive the benefit of this bargain, and that it would be improper to disregard the parties' agreement.

After having the opportunity to examine the impact of the amended guidelines in other cases, many of which involve much larger quantities of crack cocaine, the court is convinced that failing to grant a reduction in the defendant's case would be unnecessarily inequitable. Having considered the purposes of the Fair Sentencing Act, the defendant's substantial assistance to the government, and the factors set forth in 18 U.S.C. § 3553(a), the court will reduce the defendant's

3

term of imprisonment to 23 months for the drug count, plus 60 months for the firearm count. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 13th day of June, 2012.

Chief United States District Judge

4

Case 5:06-cr-00046-GEC   Document 210   Filed 06/14/12   Page 4 of 4   Pageid#: 514